**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**LARRY ESTEP**                                                                     **PLAINTIFF**

vs.                                                    **Civil Action No. 3:05-cv-711 HTW-JCS**

**BLOCK DRUG COMPANY, INC.**                                   **DEFENDANT**

### ORDER

Before this court is the defendant's Motion To Enforce Settlement [docket # 3]. The defendant here is Block Drug Company, Inc.

Present at the November 30, 2006, hearing were the following: the plaintiff, Larry Estep, and his wife, Sue Estep; Attorney Charles E. Gibson, III; Attorney Nathaniel Armistad, appearing for Patrick D. McMurtray; and William M. Dalehite, Jr., appearing for Block Drug Company.

At the hearing, the court took testimony and reached the following conclusions:

That the defendant Block Drug Company's Motion To Enforce Settlement must be sustained, and that the terms of the settlement are binding on the parties and can be finalized.

This is so because the settlement with the defendant Block Drug Company was negotiated in good faith by Attorney Patrick D. McMurtray, with the permission and consent of the plaintiff, Larry Estep, and that Patrick D. McMurtray waived his attorney's fees.

A plaintiff may select his own attorney, and may release this attorney when he so desires, *Poole v. Gwin, Lewis, & Punches, LLP*, 792 So.2d 987, 989-990 (Miss. 2001).

Although Attorney Charles E. Gibson, III, contends that plaintiff initially hired him to represent plaintiff in this action and that Gibson, to his knowledge, was never released; plaintiff says instead that he sought to discharge Attorney Gibson and thought he had done so.  Moreover, says plaintiff, Attorney Gibson has performed absolutely no work on his case at all.

Attorney Charles E. Gibson, III, by this Order has withdrawn from the representation of the plaintiff and since he is not a party to this litigation, this court will not determine the impact of Gibson's Contract of Employment with plaintiff, if it has any impact on the fees generated by the settlement.

SO ORDERED AND ADJUDGED, this the 13th day of December, 2006.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE


Civil Action No. 3:05-cv-711 HTW-JCS
Order